# CRIMINAL COURT OF BALTIMORE CITY.

---

Filed July 25, 1908.

---

STATE OF MARYLAND
VS.
CHARLES I. RUCKLE.

---

*State's Attorney A. S. J. Owens* and *Assistant State's Attorney Raymond S. Williams* for the State.

*Frank V. Moale* for traverser.

STOCKBRIDGE, J.—

The traverser in this case has been indicted for a violation of Ordinance No. 138 of the Mayor and City Council of Baltimore, approved June 3rd, 1908, and commonly known as the "Dog Ordinance." The indictment contains two counts; the first charging the traverser as being the owner of a dog which had bitten one Donald Paulus within the city of Baltimore, and the second, charging him with having in his possession a certain dog, which had bitten the said Donald Paulus.

To this indictment the defendant has demurred, and the insufficiency of the indictment is claimed to consist in the invalidity of the ordinance for the violation of which the indictment was found. The rule upon the demurrer it becomes necessary therefore to consider, only the question of the validity or invalidity of the ordinance.

Section 19, as numbered in the ordinance, relates to dogs running at large, and has no application to the present case. Section 19A is the portion of the ordinance now immediately involved. This section is divided into four paragraphs, the first deals with the owning or having possession of a dog which in any manner disturbs the peace or quiet of a neighborhood, and makes no mention of biting, nor would biting be an offense under this paragraph.

The second paragraph in reality embraces two separate and distinct offenses upon the part of the dog, namely: (1) Disturbance of the peace, (2) the biting of any person within the city, and provided penalty against the owner, or person having possession of any dog which commits either of the offenses.

The third and fourth paragraphs of this section relate to the quantum of proof to be required for a conviction, and that quantum is made radically different as to each offense.

The contention upon the part of the defendant is, that there is such repugnancy between this second paragraph of Section 19A and the fourth paragraph, that the ordinance is necessarily void; but bearing in mind the well recognized canons of construction of statutes, this contention can not be sustained, and for this a citation of authorities would be superfluous.

The other and far more serious objection is, that the ordinance in question transcends the proper exercise of the police power of the municipality, and is, therefore, void. Thus it is argued, and with some force, that the ordinance not being restricted to the highways, but including the private domain of residents of the city, will cover the case where a trespasser or one attempting the perpetration of a crime may be bitten upon the premises of its owner, or the one having it in possession, and that the power given of removing and killing an offending dog which bites is a deprivation of property without due process of law, and that the ordinance is unduly drastic and oppressive in that it precludes the defendant from showing the circumstances under which the biting took place. If this be true then undoubtedly

the contention on behalf of the accused is well founded, and the ordinance can not be sustained.

That an ordinance to regulate the keeping of dogs within a municipality, and even an ordinance drastic in terms, is within the exercise of the police power, has been definitely settled in this State by the case of Hagerstown vs. Witmer, 86 Md., 293. The ordinance under consideration in this case, however, was one which dealt with dogs running at large, and apparently did not cover the cases of dogs upon the premises of the owner or persons having possession of the animal, tho it does seem to sustain the proposition that the taking and killing of the animal is not a deprivation of property within the constitutional prohibition.

Practically all of the objections which are now raised to the validity of the present ordinance were raised in the case of the State vs. Hyman, 98 Md., 596, commonly known as the Sweatshop case, where the legislature had undertaken in the exercise of the police powers and for the protection of public health, to restrict the manner of use of an individual of his own property and the act in its terms was sufficiently broad to cover practically every home in the State, and in a very elaborate opinion by the late Chief Justice McSherry, the legislation was upheld in the following language, page 615: "Running through all the cases, both Federal and State is the doctrine that if the measure designed for or purporting to concern the protection, or preservation of the public health, morals or safety is one which has a real and substantial relation to the police power, then no matter how unreasonable, nor how unwise the measure itself may be it is not for the judicial tribunals to avoid or vacate it upon those grounds."

Legislative acts, whether of the General Assembly or of the Mayor and City Council of Baltimore, are always to be given a reasonable, rather than a literal construction, in order that, if possible, the object or end aimed at, may be accomplished.

What that object was in the case of the present ordinance is obvious, and the fact that because its language may be inartificial, so as to make that language susceptible of an interpretation which would lead to an absurdity, it is not sufficient to invalidate it, if at the same time it may be given an entirely reasonable construction, and the end accomplished.

Parker vs. The State, 99 Md., 200.

Without further extending this opinion it is sufficient to say that while the ordinance is unfortunate in the manner in which it is framed, I do not find in it either the inconsistencies, repugnancies, or that it passes beyond the bounds of due exercise of the police power, and that it comes fully under the rule of law as laid down in the cases cited, particularly the case of the State vs. Hyman.

The demurrer will, therefore, be overruled.